UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JASON HIRSCH, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED, <br><br>PLAINTIFF<br><br>v.<br><br>PCM SALES, INC.,<br><br>DEFENDANT | § § § § § § § § § § § § § § | CIVIL ACTION NO 3:18-cv-3224 |

**PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT**

Plaintiff Jason Hirsch, on behalf of himself and all others similarly situated, files this Original Collective Action Complaint against Defendant PCM Sales, Inc. ("Defendant"), and in support thereof would show as follows:

### I.   PRELIMINARY STATEMENT

1.1   This is an action for failure to pay overtime compensation brought under the Fair Labor Standards Act ("FLSA"). Defendant is a direct marketing company that offers technology products and services to commercial customers. Plaintiff Jason Hirsch was employed by Defendant as an Account Manager/Inside Sales Representative from November 25, 2015 to August 6, 2018. Hirsch's primary duty was to sell computer hardware, software and related equipment to commercial clients. Hirsch performed his duties from his home.

1.2   Jason Hirsch was paid on a salary plus commission basis.

1.3   Jason Hirsch, on behalf of himself and all others similarly situated, brings this collective action to recover overtime compensation, liquidated damages, attorney's fees, litigation costs,

costs of court, and pre-judgment and post-judgment interest under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA").

1.4     For at least three years prior to the filing of this Complaint, Defendant willfully committed violations of the FLSA by failing to pay overtime premiums to its inside sales employees for hours worked in excess of forty hours per week.

## II.     JURISDICTION AND VENUE

2.1     The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this civil action arises under the Constitution, laws, or treaties of the United States; specifically, the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA").  Jurisdiction is further conferred on this Court by 29 U.S.C. § 216(b) and by the provisions of 28 U.S.C. § 1337.

2.2     The Court has personal jurisdiction over Defendant PCM Sales, Inc. because this entity conducts business in Texas and has entered into a relationship with Plaintiff in Texas and has committed actions in Texas that give rise to this cause of action.

2.3     Venue is proper in the Northern District of Texas, Dallas Division, pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claims herein occurred in this District.

## III.     PARTIES

**A.     Plaintiff**

3.1     Plaintiff Jason Hirsch is an individual residing in Dallas, Texas.   His notice of consent is attached to Plaintiff's Original Collective Action Complaint as Exhibit A.

**B.     Defendant**

3.2     Defendant PCM Sales, Inc. is a foreign corporation formed and existing under the laws of the State of California and maintains and operates its principal office in California.

3.3    PCM Sales, Inc. was an employer of Plaintiff and those similarly situated as defined by 29 U.S.C. §203(d).

3.4    PCM Sales, Inc. can be served with process by serving its registered agent for service of process, CT Corporation System at 1999 Bryan St., Suite 900, Dallas Texas 75201.

## IV.    FLSA COVERAGE

4.1    For purposes of this action, the "relevant period" is defined as such period commencing on the date that is three years prior to the filing of this action, and continuing thereafter.

4.2    At all relevant times, Defendant had gross operating revenue in excess of $500,000.00.

4.3    At all relevant times, Defendant has been, and continues to be, an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

4.4    At all relevant times, Defendant employed "employees", including Plaintiff and those similarly situated, within the meaning of the FLSA, 29 U.S.C. § 203.

4.5    At all relevant times, Defendant employed two or more persons in interstate commerce.

4.6    At all relevant times, Defendant has been an "enterprise" engaged in commerce as defined in 29 U.S.C. § 203.

4.7    At all relevant times, Plaintiff and those similarly situated were individually engaged in interstate commerce or in the production of goods for commerce while performing their job duties for Defendant.

4.8    At all relevant times, Defendant has been subject to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

## V. FACTUAL ALLEGATIONS

5.1     Defendant is a direct marketing company that offers technology products and services to commercial customers.

5.2     Defendant employed Jason Hirsch during the three-year period preceding the filing of this Complaint.

5.3     Defendant paid Jason Hirsch and those similarly situated on a salary plus commission basis.

5.4     Jason Hirsch and all those similarly situated consistently worked over forty hours per week.

5.5     Jason Hirsch and all those similarly situated were non-exempt employees.

5.6     However, Defendant failed to pay Jason Hirsch and all those similarly situated overtime premiums for any hours worked over forty per week.

5.7     Defendant maintained control, oversight, and direction over its operations, including employment practices.

5.8     Defendant maintained and exercised the power to hire, fire, and discipline Plaintiff and those similarly situated during their employment with Defendant.

5.9     Plaintiff and those similarly situated were required to comply with Defendant's policies and procedures in performing their work during their employment with Defendant.

5.10    At all times relevant hereto, Defendant knew of, approved of, and benefited from the regular and overtime work of Plaintiff and those similarly situated.  Plaintiff and those similarly situated were not exempt employees.

5.11    Defendant did not make a good faith effort to comply with the overtime provisions contained within the FLSA.

5.12    Defendant's actions were willful and in blatant disregard for the federally protected rights of Plaintiff and those similarly situated.

## VI.     COLLECTIVE ACTION ALLEGATIONS

6.1     Other employees have been victimized by the pattern, practice, and policy of Defendant that is in violation of the FLSA. Plaintiff is aware that the illegal practices and policies of Defendant have been imposed on other workers.

6.2     Plaintiff brings his claim for relief on behalf of all persons who worked for Defendant as account managers/inside sales agents at any time three years prior to the filing of this lawsuit, to the entry of judgment in this lawsuit (Collective Class).

6.3     Defendant paid Plaintiff and the Collective Class on a salary plus commission basis and suffered and permitted them to work more than forty hours per week. Defendant did not pay Plaintiff or the Collective Class overtime compensation for any hours worked beyond forty per week.

6.4     Though their job titles may vary, the members of the Collective Class were all account managers/inside sales agents.

6.5     Plaintiff's experiences are typical of the experiences of other similarly situated employees.

6.6     Defendant's operations with respect to Plaintiff and the Collective Class and wages paid to Plaintiff and the Collective Class are substantially similar, if not identical.

6.7     Defendant's pattern of failing to pay overtime compensation as required by the FLSA results from Defendant's general application of policies and practices, and does not depend on the personal circumstances of the Plaintiff and the Collective Class.

6.8     Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

6.9     Plaintiff files this case as an "opt-in" collective action as specifically allowed by 29 U.S.C. § 216(b). Plaintiff brings these claims for relief for violations of the FLSA as a collective action

pursuant to 29 U.S.C. § 216(b). Plaintiff brings these claims on his behalf and on behalf of those similarly situated who have not been fully compensated for all work performed, time spent, and activities conducted for the benefit of Defendants.

6.10   Plaintiff requests that Defendant identify all prospective members of the Collective Class in order that proper notice of their right to consent to participation in this collective action may be distributed, including their names, dates of employment, job titles, last known addresses, and telephone numbers.

6.11   Plaintiff seeks to represent those members of the above-described group who, after appropriate notice of their ability to opt into this action, have provided consent in writing to be represented by Plaintiff's counsel as required by 29 U.S.C. § 216(b).

6.12   Those individuals who choose to opt in will be listed on subsequent pleadings and copies of the written consents will be incorporated by reference.

6.13   Plaintiff will fairly and adequately represent and protect the interests of those similarly situated who opt into this action.

## VII.   CAUSE OF ACTION:  VIOLATION OF THE FLSA

### Failure to Pay Overtime Wages

7.1   Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully set forth herein.

7.2   Plaintiff and all others similarly situated are non-exempt employees.

7.3   As non-exempt employees under the FLSA, if Plaintiff and all others similarly situated worked over forty hours in a workweek, they were entitled to overtime pay.

7.4   Over the course of the relevant period, Plaintiff and all others similarly situated routinely worked in excess of forty hours per week.

7.5	Even though Plaintiff and all others similarly situated worked in excess of forty hours per week, Defendant failed to pay them an overtime premium for any hours worked in excess of forty per week.

7.6	Defendant has violated 29 U.S.C. § 201 *et seq*. by failing to pay Plaintiff and all others similarly situated overtime premiums for those hours worked over forty per workweek.

7.7	In further violation of the FLSA, Defendant has failed to maintain accurate employee pay records, including the true number of hours worked per workweek by Plaintiff and all others similarly situated.

7.8	No excuse, legal justification or exemption excuses Defendant's failure to pay Plaintiff and all others similarly situated overtime compensation for hours worked over forty in a workweek.

7.9	Defendant has failed to make a good faith effort to comply with the FLSA. Instead, Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation.

7.10	Plaintiff and the Collective Class seek all unpaid overtime compensation and an additional equal amount as liquidated damages, as well as reasonable attorney's fees, costs, and litigation expenses, including expert witness fees, as provided by 29 U.S.C. § 216(b), along with pre- and post-judgment interest at the highest rate allowed by law.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff Jason Hirsch and all others similarly situated respectfully pray that Defendant PCM Sales, Inc. be cited to appear, and that, upon trial of this matter, Plaintiff and the Collective Class recover the following against Defendant:

a.	Actual damages for the full amount of their unpaid overtime compensation;

b.	Liquidated damages in an amount equal to their unpaid overtime compensation;

c.  Reasonable attorney's fees, costs and expenses of this action, including expert witness costs, as provided by the FLSA;

d.  Pre-judgment and post-judgment interest at the highest rates allowed by law; and

e.  Such other and further relief, at law or in equity, as this Honorable Court may find proper.

Respectfully submitted,

/s/ Douglas B. Welmaker
Douglas B. Welmaker
Attorney-in-Charge
State Bar No. 00788641
Moreland Verrett, PC
2901 Bee Cave Rd, Box L
Austin, Texas 78746
Phone: (512) 782-0567
Fax: (512) 782-0605
Email: doug@morelandlaw.com

**ATTORNEY FOR PLAINTIFF**